```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

ALLEN D. MORRIS,
    Plaintiff,

    v.                        CIVIL NO. 12-2926(NLH)(JS)

UNITED STATES OF AMERICA,
et al.,                            **ORDER**
    Defendants.

**APPEARANCES:**
ALLEN D. MORRIS
7 COUNTRY CLUB DRIVE
BRIDGETON, NJ 08302
    *Pro Se Plaintiff*

ELIZABETH ANN PASCAL
U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. ATTORNEY
401 MARKET STREET
P.O. BOX 2098
CAMDEN, NJ 08101
    *Attorney for defendants Douglas Herbert, Mark Rowe, Steve Brown, and Richard Henderson,*

MARVIN L. FREEMAN
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625
    *Attorney for defendants State of New Jersey, and New Jersey State Police*

MICHAEL E. BENSON
BUONADONNA & BENSON
1138 EAST CHESTNUT AVENUE
SUITE 2A
VINELAND, NJ 08360
    *Attorney for defendant City of Vineland*

ROBERT P. MERENICH
GEMMEL, TODD & MERENICH, P.A.
767 SHORE ROAD
P.O. BOX 296
LINWOOD, NJ 08221
    *Attorney for defendant City of Pleasantville*

**HILLMAN**, District Judge

    This matter comes before the Court on plaintiff's motion for default against the State of New Jersey for $300,000. And, it appearing that:

    1. Plaintiff filed a complaint against several defendants, including the State of New Jersey.

    2. A summons was issued to the State of New Jersey and returned executed on June 14, 2012, and the Court's docket noting a response due date of July 5, 2012.

    3. On February 11, 2013, plaintiff filed a request for entry of default asking the Clerk to enter judgment against the State of New Jersey for failure to answer the complaint.

    4. On February 13, 2013, the Clerk entered an entry of default as to the State of New Jersey for failure to plead or otherwise respond.

    5. On February 22, 2013, plaintiff filed an amended complaint, which added the New Jersey State Police as a defendant.

    6. On April 1, 2013, plaintiff filed a motion for default

judgment against the State of New Jersey for failure to answer or otherwise plead.

7.  A summons and amended complaint was served on the New Jersey State Police and returned executed on May 30, 2013, and the Court's docket noting a response due date of June 20, 2013.

8.  On July 1, 2013, an entry of appearance was filed by the Attorney General's Office of New Jersey on behalf of the State of New Jersey and the New Jersey State Police.

9.  On July 5, 2013, the State of New Jersey and the New Jersey State Police filed a motion to dismiss the amended complaint pursuant to Fed.R.Civ.P. 12(b)(6).

10.  With regard to plaintiff's motion for default judgment, the Court noting that under Federal Civil Procedure Rule 55, obtaining a default judgment is a two-step process: First, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court. Fed.R.Civ.P. 55(a).  After the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court. Fed.R.Civ.P. 55(b).

11.  Here, plaintiff filed a request for an entry of default on his original complaint which was granted by the Clerk

3

on February 13, 2013.

12. After the Clerk's entry of default was filed, but before the motion for default was filed, plaintiff filed an amended complaint. Thus, the Clerk's entry of default on the original complaint was rendered moot since the amended complaint superseded the original complaint. See Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276 (3d Cir. 2002) (stating "[a]n amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit.").[1]

IT IS THEREFORE on this __23rd__ day of __December__, 2013,

ORDERED that plaintiff's motion for default judgment [38] is DENIED AS MOOT.


    s/Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

[1] The Court notes that defendant State of New Jersey did not timely respond to the complaint and did not respond to plaintiff's motion for default. Although the amended complaint rendered the motion for default moot, the State of New Jersey has not provided the Court with an adequate explanation of why it failed to timely respond.