## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ALLEN D. MORRIS,
      Plaintiff,
     v.

UNITED STATES OF AMERICA,
et al.,
      Defendants.

CIVIL NO. 12-2926(NLH) (JS)

**OPINION**

**APPEARANCES:**

ALLEN D. MORRIS
7 COUNTRY CLUB DRIVE
BRIDGETON, NJ 08302
    *Pro Se Plaintiff*

MARVIN L. FREEMAN
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625
    *Attorney for defendants State of New Jersey, and New Jersey*
    *State Police*

MICHAEL E. BENSON
BUONADONNA & BENSON
1138 EAST CHESTNUT AVENUE
SUITE 2A
VINELAND, NJ 08360
    *Attorney for defendant City of Vineland*

DONNA M. TAYLOR
ATLANTIC COUNTY DEPARTMENT OF LAW
1333 Atlantic Avenue
8th Floor
Atlantic City, NJ 08401
    *Attorney for defendant Atlantic County*

**HILLMAN**, District Judge

    Before the Court are motions to dismiss Plaintiff's amended

complaint filed by Defendants State of New Jersey and New Jersey

State Police, Atlantic County and Atlantic County Sheriff's Office, and City of Vineland.  For the reasons set forth below, the motions to dismiss will be granted.

**I. BACKGROUND**

Plaintiff, Allen D. Morris, Jr., filed a *pro se* civil rights complaint asserting claims arising out of circumstances surrounding his arrest on May 18, 2010.  On February 22, 2013, Plaintiff filed an amended complaint naming, in addition to the filing Defendants, the United States of America, the United States Marshal Service Fugitive Task Force [hereinafter "Task Force"], five individual police officers, and the City of Pleasantville.  [Doc. No. 32.]  The Court has since dismissed all claims against the United States and the Task Force as immune under the Eleventh Amendment.  [Doc. No. 33.] Plaintiff's motion for reconsideration on the matter was denied. Order Den. Pl.'s Mot. for Recons.  [Doc. No. 85.]

Plaintiff alleges in his amended complaint that on or about May 18, 2010 he was on his own property in Bridgeton, Cumberland County, New Jersey when he was arrested by Defendants Dominick Ferrari, Douglas Herbert, Mark Rowe, Steven Brown, and Richard Henderson.  (Pl.'s Am. Compl. [Docket No. 32.] ¶ 14.)  He alleges that Ferrari was employed as a City of Vineland police officer and assigned to the Task Force.  (Id. ¶ 5.)  Steven Brown and Mark Rowe were employed with the State of New Jersey

2

and the New Jersey State Police and assigned to the Task Force.
(Id. ¶¶ 4, 7.)  Douglas Herbert was employed by the Atlantic
County Sheriff's Office and assigned to the Task Force.  (Id. ¶
6.)

Plaintiff alleges that there was no probable cause for his
arrest.  (Id. ¶ 17.)  Plaintiff asserts that he did not pose an
immediate threat to the safety of the Defendants, he was not
actively involved in escape, and he was not resisting arrest.
(Id. ¶¶ 16, 18.)  Plaintiff states that Defendants used
excessive force by striking him in the face, causing a fracture
to his orbital bone that required medical treatment.  (Id. ¶
19.)  He states that he was further imprisoned or detained
without probable cause at some point after the arrest.  (Id. ¶
17.)  The Amended Complaint does not discuss whether Plaintiff
was charged with an offense relating to the arrest or whether
there was a trial.  Plaintiff is not currently incarcerated.

Plaintiff asserts that Defendants are liable pursuant to 42
U.S.C. §§ 1983, 1981, 1985 for violations of Plaintiff's Fourth,
Fifth, Eighth, and Fourteenth Amendment rights.  (Id. ¶¶ 14, 15,
17, 19, 20-22.)  Plaintiff brings claims for violations of his
right to equal protection, conspiracy to violate his civil
rights, illegal search and seizure in the form of false arrest
and the use of excessive force, due process violations, and

3

cruel and unusual punishment pursuant to sections 1981, 1985, and 1983 of the Civil Rights Act.  He seeks declaratory relief as well as compensatory and punitive damages.  (Id. ¶ 22.)

Defendants the State of New Jersey and New Jersey State Police, Atlantic County and the Atlantic County Sheriff's Office, and the City of Vineland have filed motions to dismiss the amended complaint on various grounds.

## II.  JURISDICTION

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, 1981, 1985 and violations of his constitutional rights.  This Court exercises subjection matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), in that the Complaint alleges federal civil rights claims.  See Max v. Republican Comm. of Lancaster County, 587 F.3d 198, 199 n. 1 (3d Cir. 2009).

## III. STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).

It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in

the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 556 U.S. at 678-79). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 556 U.S. at 679). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.

6

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).  A *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines, 404 U.S. at 520-21); Bacon v. Minner, 229 F. App'x 96, 100 (3d Cir. 2007).  "Specific facts are not necessary," as the complaint is designed only to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erikson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

## IV.  DISCUSSION

At the motion to dismiss stage, the Court will consider only the facts alleged in the amended complaint and accept them as true.[1]

Defendants State of New Jersey and the New Jersey State Police, Atlantic County and the Atlantic County Sheriff's Office, and City of Vineland have each asserted, in differing

---

[1] Defendants City of Vineland and Atlantic County have filed motions to dismiss, and at the same time alternatively moved for summary judgment.  At this time, the Court will confine its decision to the motions to dismiss, and will not alternatively consider or convert the motions to dismiss to motions for summary judgment.  To the extent their motions address any facts or evidence outside the Amended Complaint, the Court will exclude such evidence in deciding the motion to dismiss.  See S. Cross Overseas Agencies, Inc., 181 F.3d at 426.

fashions, that they are entities that cannot be sued under section 1983.  The Court will discuss each Defendant in turn.

**A. The State of New Jersey and the New Jersey State Police**

Defendant New Jersey correctly argues that a State or an arm of the state is not a "person" within the meaning of section 1983, and therefore Plaintiff's claims against the State of New Jersey and the New Jersey State Police must be dismissed. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (A State or an arm of the state is not a "person" within the meaning of section 1983).  When Will was decided, it was settled law that a State cannot be sued under section 1983.  Id. at 65 (citing Welch v. Texas Dept. of Highways and Public Transportation, 483 U.S. 468, 472-473 (1987)).  The Will court reinforced this doctrine and further decided that the Michigan State Police, as an arm of the state, could not be sued under section 1983.  Id. at 71 ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); see also Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365 (1990) (Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.").  New Jersey is a State and the New Jersey State Police is an arm of the state; neither may be sued under § 1983.  Id.; see also Smith v. New Jersey, 908 F.Supp.2d

560, 563 (D.N.J. 2012) (dismissing a section 1983 claim against "the State of New Jersey and the New Jersey State Police because the state and arms of the state may not be sued under § 1983 [pursuant to <u>Will</u>].").

The Court will therefore dismiss all claims against the State of New Jersey and the New Jersey State Police as barred because the State is not a person under section 1983.

## B. Municipalities

### 1. Atlantic County

Defendant Atlantic County correctly argues that the Atlantic County Sheriff's Office is not a separate legal entity that can sue or be sued.  It is not proper to bring a section 1983 claim solely against the Atlantic County Sheriff's Office as an entity separate from the County.  See <u>Hernandez v. City of Union City</u>, 264 Fed. Appx. 221, 222 n. 1 (3d. Cir. 2008) ("because the Police Department is merely an arm of the City, and not a separate entity, it is not the proper entity to sue under § 1983.").

However, on February 14, 2013, Plaintiff was granted leave to file an amended complaint in order "to make it clear that he is separately naming as [a] party defendan[t] . . . Atlantic County . . . ."  (Ord. Granting Pl.'s Mot. to File Am. Compl. [Doc. No. 30] at 1.)  Plaintiff filed a timely amended

complaint, which states that Plaintiff submits the "amended complaint by order of Your Honor to specifically address that Atlantic County . . . [is] properly named in the complaint and [is] a responsible party . . . ." (Pl.'s Am. Compl. [Doc. No. 32] ¶ 1.)  Since *pro se* complaints are held to a less stringent standard than those drafted formally by lawyers, Plaintiff's explicit statement demonstrating his intent to name Atlantic County as a party in the amended complaint is sufficient to properly name Atlantic County as a defendant.  See Haines, 404 U.S. 519, 520-21 (1972).

Municipalities and other local government units are among those "persons" to which section 1983 liability applies.  Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690 (1978).  However, local government units and supervisors are not liable under § 1983 solely on a theory of *respondeat superior.*  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). "A

11

defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516 U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000).  A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury.  Monell, 436 U.S. at 689.

"A policy is made 'when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict.'"  Natale,

12

318 F.3d at 584 (citations omitted).  "A custom is an act 'that has not been formally approved by an appropriate decisionmaker,' but that is 'so widespread as to have the force of law.'"  Id.(citation omitted). There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983.  The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy."  The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself."  Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'"  Natale, 318 F.3d at 584 (footnote and citations omitted).

In the present case, Plaintiff alleges in a conclusory fashion that the officers' actions "were pursuant to the customs, policies, and/or practices of the defendants . . .

13

resulting in the need for medical treatment and causing severe personal injuries and emotional distress." (Pl.'s Am. Compl. [Doc. No. 32] ¶ 19.) Plaintiff has failed to allege any "facts" describing a policy, procedure, or custom. Rather Plaintiff merely recites the elements of a cause of action against a municipality, unsupported by any set of facts. Moreover, the claim appears to be based on an untenable theory of vicarious liability, as evidenced by the allegations regarding the actors' employment status.

Therefore, Plaintiff's claims against Atlantic County will be dismissed, without prejudice, and Plaintiff is granted leave to amend his complaint to allege facts in support of his claim.

**2. The City of Vineland**

Defendant City of Vineland asserts that, under <u>Monell</u>, a Municipality cannot be liable under section 1983 for the unconstitutional acts of an employee simply for vicarious liability, and that the allegation that Officer Ferrari was acting pursuant to custom, policy and/or practices of the City of Vineland fails to comply with pleading standards.

Plaintiff's allegations against the City of Vineland are identical to its allegations against Atlantic County, and the analysis is the same. For the reasons stated above regarding

14

Atlantic County's motion, Plaintiff's claims against the City of Vineland will be dismissed, without prejudice, and Plaintiff is granted leave to amend his complaint to allege facts in support of his claim.

## C. Plaintiff's Constitutional Claims

Since Plaintiff will be granted leave to amend his complaint, the Court shall address plaintiff's constitutional claims.

### 1. Plaintiff's 42 U.S.C. § 1981 Claim

Plaintiff asserts Defendants violated 42 U.S.C. § 1981 by depriving him of the equal benefit of the law when they arrested and detained him without probable cause, and when he was maliciously and intentionally struck in the face during the course of the arrest. (Pl.'s Am. Compl. [Doc. No. 32] ¶ 19.)

Section 1981 confers on all persons the right to "the full and equal benefit of all laws and proceedings for the security of persons and property . . . ." 42 U.S.C. § 1981(a). Section 1981 provides extensive equal protection rights, but must be brought pursuant to section 1983, which provides the remedy for violations of section 1981 by state actors. McGovern v. City of Philadelphia, 554 F.3d 114, 117 (3d Cir. 2008) (citing Jett v. Dallas Independent School Dist., 491 U.S. 701, 731 (1989)). Due

to its legislative history and emphasis on equal treatment under the law, section 1981 is construed to provide a remedy only when discrimination based upon race or alienage is presented as an element of the claim.  See Young v. Int'l Tel. & Tel. Co., 438 F.2d 757, 760 (3d Cir. 1971) (construing section 1981); see also Hunt v. City of Scranton, 236 Fed. Appx. 740, 741 n. 1 (3d Cir. 2007); Maida v. Andros, 710 F. Supp. 524, 529-30 (D.N.J. 1988).

Plaintiff has not alleged that his race or nationality played any role in the incident giving rise to this litigation. In deciding a motion to dismiss, it is improper for the Court "to assume that a plaintiff can prove facts not alleged." Evancho, 423 F.3d at 354 (citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n. 13 (3d Cir. 1998) (quoting Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters, 459 U.S. 519, 526, (1983))).  As Plaintiff fails to allege discrimination, which is a fundamental element of a section 1981 claim, Plaintiff's section 1981 claim will be dismissed.

**B. Plaintiff's 42 U.S.C. § 1985 Claim**

Plaintiff has also asserted that Defendants acted as part of a conspiracy to interfere with Plaintiff's civil rights, violating 42 U.S.C. § 1985. (Pl.'s Am. Compl. [Doc. No. 32] ¶ 20.)  Section 1985(3) imposes civil liability on individuals who

conspire to deprive "any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3).  For a section 1985 claim to survive a motion to dismiss, a plaintiff must allege: "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States."  Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997) (citing Griffin v. Breckenridge, 403 U.S. 88, 91 (1971)); see also, e.g., Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006); Brown v. Philip Morris, Inc., 250 F.3d 789, 805 (3d Cir. 2001); White v. Williams, 179 F. Supp. 2d. 405, 421 (D.N.J. 2002); Maida, 710 F. Supp. at 530.

Plaintiff has not pled sufficient facts to support a section 1985 claim.  Again, Plaintiff has failed to provide any facts that could be construed to show that the officers were motivated to deprive him of his rights by a discriminatory animus.  The Court cannot assume that Plaintiff will be able to prove facts not alleged.  Consequently, Plaintiff's section 1985 claim will be dismissed.

**C. Plaintiff's 42 U.S.C. § 1983 Claim**

17

Section 1983 is not a source of substantive rights, but provides a vehicle for vindicating the violation of other federal rights.  Graham v. Connor, 490 U.S. 386, 393-94 (1989). Unlike sections 1981 and 1985 of the Civil Rights Code, discriminatory animus is not a required element in a section 1983 claim.  Goodman v. Lukens Steel Co., 777 F.2d 113, 135 (3d Cir. 1985).  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Therefore, to state a claim for relief under section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Plaintiff alleges that in the course of his arrest and detainment, the members of the Task Force deprived Plaintiff of four Constitutional rights.  (Pl.'s Am. Compl. [Doc. No. 32.])

Specifically, Plaintiff claims violations of the Fourth Amendment for illegal search and seizure in the form of false arrest and the use of excessive force during his arrest (id. ¶¶ 15, 17, 20, 21); the Fifth and Fourteenth Amendments for deprivation of liberty and equal protection without due process of law (id. ¶¶ 15, 17, 19, 21); and the Eighth Amendment for the use of excessive force (id. ¶¶ 15, 17).

### 1. Fourth Amendment Claim of False Arrest and Excessive Force

Plaintiff has pled sufficient facts to uphold his Fourth Amendment claim of false arrest.  It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under section 1983.  See Berg v. County of Allegheny, 219 F.3d 261, 268-69 (3d Cir. 2000) (collecting cases), cert. denied, 531 U.S. 1072 and 531 U.S. 1145 (2001); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994) (a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012) (citing Groman v. Twp. of Manalapan, 47 F.3d

628, 634 (3d Cir. 1995) and <u>Dowling v. City of Philadelphia</u>, 855 F.2d 136, 141 (3d Cir. 1988)).

Plaintiff provides that he was lawfully on his premises when the named officers "violated [his] right to be free from false arrest and unlawful imprisonment." (Pl.'s Am. Compl. [Doc. No. 32] ¶ 17.) Further, the officers "were without probable cause to arrest and detain plaintiff and without a reasonable belief to conclude that an offense had been committed by Plaintiff." (<u>Id.</u>)

Construing the pleadings liberally, Plaintiff has pled the minimum amount of facts necessary to sustain the claim that he was arrested without probable cause. Plaintiff states that the officers had no reasonable belief that he had committed any crime. Therefore, Plaintiff is entitled to proceed with the false arrest claim.

Plaintiff's Fourth Amendment claim of use of excessive force during his arrest also satisfies the pleading standard. A claim of excessive force by law enforcement officials in the course of an arrest is analyzed under the Fourth Amendment's reasonableness standard. <u>See</u> <u>Graham</u>, 490 U.S. at 395; <u>Nelson v. Jashurek</u>, 109 F.3d 142, 145 (3d Cir. 1997); <u>United States v. Johnstone</u>, 107 F.3d 200, 204 (3d Cir. 1997). The reasonableness inquiry is an objective one: "the question is whether the

officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397; see also Mosley v. Wilson, 102 F.3d 85, 94 (3d Cir. 1996); Baker v. Monroe Twp., 50 F.3d 1186, 1193 (3d Cir. 1995). The reasonableness inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

Plaintiff's allegations on this point suggest that he could later prove the officers' conduct was unreasonable. Specifically, Plaintiff points to the facts that he was not resisting arrest or attempting to flee, yet sustained a serious injury to his face during the course of the arrest. Consequently, at this stage Plaintiff's Fourth Amendment claims for false arrest and the use of excessive force under section 1983 will not be dismissed for failure to state a claim.

**2. Fifth and Fourteenth Amendment Claims of Due Process Violations**

Plaintiff's due process claims under the Fifth and Fourteenth Amendments will be dismissed as already sheltered

within his Fourth Amendment claims.[2]  The Supreme Court has

established that when "a particular Amendment 'provides an

explicit textual source of constitutional protection' against a

particular sort of government behavior, 'that Amendment, not the

more generalized notion of 'substantive due process,' must be

the guide for analyzing these claims.'"  Albright, 510 U.S. at

273 (quoting Graham, 490 U.S. at 395); see also Torres v.

McLaughlin, 163 F.3d 169, 173 (3d Cir. 1998) ("Albright commands

that claims governed by explicit constitutional text may not be

grounded in substantive due process").  Claims of excessive

force at the hands of law enforcement officers during an arrest,

investigation, stop or other seizure of a free citizen, and

claims of unreasonable seizures in general, should be analyzed

under the Fourth Amendment not under the substantive protections

of the Due Process Clause.  See Albright, 510 U.S. at 266;

Graham 490 U.S. at 395.  Although the Supreme Court references

---

[2] It appears that the police officers were state actors, and
therefore only the Fourteenth Amendment, and not the Fifth
Amendment, would apply. See U.S. Const. amend. V; U.S. Const.
amend. XIV, § 1; see also B & G Const. Co., Inc. v. Dir., Office
of Workers' Comp. Programs, 662 F.3d 233, 246 n. 14 (3d Cir.
2011) ("the Fourteenth Amendment applies only to acts under
color of state law whereas the Fifth Amendment applies to
actions of the federal government"). However, Plaintiff has
alleged that the state police officers were acting as U.S.
Federal Marshals, which could implicate the Fifth Amendment. Id.
Since Plaintiff's Fourteenth and Fifth Amendment claims will
both be dismissed as encompassed within his Fourth Amendment
claim, the Court does not reach a decision as to whether the
Fourteenth or Fifth Amendment applies.

only substantive due process in <u>Albright</u>, courts in this Circuit have extended the ruling to apply to procedural due process when plaintiff's claim is one of a pretrial deprivation of liberty. <u>See</u>, <u>e.g.</u>, <u>Crouse v. S. Lebanon Twp.</u>, 668 F.Supp.2d 664, 674 (M.D.Pa. 2009) ("A procedural due process claim is therefore an inappropriate vehicle by which to seek vindication for a purportedly unlawful arrest"); <u>Robinson v. Clemons</u>, 987 F.Supp. 280, 285 (D. Del. 1998), <u>aff'd</u>, 193 F.3d 514 (3d Cir. 1999) ("Albright's reasoning and holding has been extended to the procedural due process context as well." (citing <u>Pino v. Higgs</u>, 75 F.3d 1461, 1469 (10th Cir. 1996)).

It is unclear whether Plaintiff alleges a violation of his substantive or procedural due process rights. Regardless, Plaintiff fails to allege sufficient facts under either standard. Plaintiff alleges that Defendants violated his due process right to liberty when they used excessive force and falsely arrested him. He alleges that his injury occurred at the time of his arrest, and does not allege any facts that could be construed as a deprivation of liberty while in custody before, during, or after trial. He does not allege that he was deprived of process in the form of a trial or otherwise. As stated by the Supreme Court in <u>Graham</u> and <u>Albright</u>, Plaintiff's claim is one of an unreasonable seizure and will be analyzed

23

under the Fourth Amendment rather than under the due process clause of the Fifth or Fourteenth Amendments.  Plaintiff's violations of due process claims under the Fifth and Fourteenth Amendments will be dismissed.

### 3. Eighth Amendment Claim of Excessive Force

Plaintiff has not pled sufficient facts to uphold his Eighth Amendment "cruel and unusual punishment" claim of excessive force.  U.S.C. Const. Amend. VIII.  The protections of the Eighth Amendment are limited to incidents "after conviction and sentence."  Graham, 490 U.S. at 392 n. 6; see also Fuentes v. Wagner, 206 F.3d 335, 344 n. 11 (3d Cir. 2000) (citing Whitley v. Albers, 475 U.S. 312, 318 (1986) ("The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes and consequently the Clause applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.")).

In his Amended Complaint, Plaintiff states that the injury occurred during the course of the arrest, not during imprisonment.  He mentions no mistreatment after conviction and sentence.  In deciding a motion to dismiss, "a court is not required to assume that a plaintiff can prove facts not alleged."  Evancho, 423 F.3d at 354 (citations omitted). Therefore, Plaintiff's Eighth Amendment claim must be dismissed

24

and his excessive force claims analyzed under the Fourth
Amendment.

**V. CONCLUSION**

    For the foregoing reasons, the motions to dismiss filed by
the State of New Jersey and the New Jersey State Police,
Atlantic County and the Atlantic County Sheriff's Office, and
the City of Vineland will be granted.  Plaintiff's
constitutional claims will be dismissed except for his Fourth
Amendment claim for excessive force.

                                              s/Noel L. Hillman
                                      NOEL L. HILLMAN, U.S.D.J.

Date:  March 27, 2014

At Camden, New Jersey