```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____

ALLEN D. MORRIS,

                    Plaintiff,          Civil No. 12-2926 (NLH/JS)
     v.

UNITED STATES OF AMERICA,                OPINION
et al.,

                    Defendants.
_____
```

**APPEARANCES**:

Allen D. Morris
7 Country Club Drive
Bridgeton, New Jersey 08302

    *Plaintiff Pro Se*

Elizabeth Ann Pascal, AUSA
U.S. Department of Justice
Office of the U.S. Attorney
401 Market Street
P.O. Box 2098
Camden, New Jersey 08101

    *Attorney for Defendants Dominick Ferrari, Douglas Herbert, Mark Rowe, Steve Brown, and Richard Henderson*

Robert P. Merenich, Esq.
Gemmel, Todd & Merenich, P.A.
767 Shore Road
P.O. Box 296
Linwood, New Jersey 08221

    *Attorney for Defendant City of Pleasantville*

**HILLMAN, District Judge**:

    Presently before the Court is a motion [Doc. No. 134] filed by Plaintiff Pro se, Allen D. Morris, seeking reconsideration of

1

the Opinion entered on December 29, 2014 granting summary judgment in favor of Defendants Dominick Ferrari, Douglas Herbert, Mark Rowe, Steve Brown, Richard Henderson, and the City of Pleasantville. The motion for reconsideration is opposed by Defendants Ferrari, Herbert, Rowe, Brown and Henderson, and Defendant City of Pleasantville has joined in the individual defendants' opposition.[1] The Court has considered the submissions and decides this matter pursuant to Fed. R. Civ. P. 78.

For the reasons that follow, Plaintiff's motion for reconsideration will be denied.

---

[1] In response to Plaintiff's motion, the Court also received a letter [Doc. No. 137] from Michael E. Benson, Esquire, on behalf of Defendant City of Vineland, and a letter [Doc. No. 138] from Elizabeth D'Ancona, Assistant County Counsel, on behalf of Defendant Atlantic County Sheriff's Office, requesting entry of an Order dismissing the complaint as to these defendants with prejudice in light of the Court's December 29, 2014 Opinion. The Court notes that by Order dated March 27, 2014, all claims against the Atlantic County Sheriff's Office were dismissed with prejudice. (Order [Doc. No. 113], Mar. 27, 2014.) In addition, all claims against Atlantic County and the City of Vineland were dismissed without prejudice, and Plaintiff was granted leave to seek an amendment to the complaint with respect to the claims against these defendants. (Id.) In the December 29, 2014 Opinion, the Court reviewed Plaintiff's amended complaint, found that it failed to correct the deficiencies identified in the prior Opinion, and denied Plaintiff's motion to amend. (Op. [Doc. No. 132] 16, Dec. 29, 2014.) The Court then stated that "the claims against Atlantic County and the City of Vineland will be dismissed with prejudice." (Id.) The Court will therefore enter an Order confirming that the claims against Atlantic County and the City of Vineland have now been dismissed with prejudice.

**I.   BACKGROUND**

Generally, this case arises from events that occurred on May 18, 2010, when Plaintiff was arrested at his home.  The named individual defendants, Ferrari, Rowe, Brown, Herbert, and Henderson, were members of a joint task force who went to Plaintiff's residence to arrest Plaintiff's brother-in-law, Adam Bard (hereafter, "Bard").  After Bard was arrested, the officers then sought to effect the arrest of Plaintiff, but Plaintiff resisted.  An altercation ensued, at which time Plaintiff suffered an injury to his eye socket.  The individual defendants filed a motion for summary judgment on the Fourth Amendment claims against them.

In the December 29, 2014 Opinion and Order, the Court granted summary judgment in favor of the individual defendants on grounds of qualified immunity.  Plaintiff now seeks reconsideration of the Opinion and Order on both procedural and substantive grounds.

**II.   DISCUSSION**

    **A.   Standard for Motion for Reconsideration**

A motion for reconsideration may be treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i).  The purpose of a motion for reconsideration "is to correct

3

manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Id.

A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached.  P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).  Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp. Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

**B.  Analysis**

Plaintiff does not contend that there has been an intervening change in the law, or the availability of new evidence that was not available when the Court granted the motion for summary judgment.  Plaintiff moves for

4

reconsideration only on the basis that there is a purported need to correct a clear error of law or fact. The Court addresses each of Plaintiff's arguments in turn.

### 1. Procedural Issues

Plaintiff first contends that the Court erred by hearing Defendants' summary judgment motion prematurely. In support, Plaintiff cites a New Jersey Court Rule which provides that "[a]ll motions for summary judgment shall be returnable no later than 30 days before the scheduled trial date." (Cert. of Allen D. Morris Supporting Mot. for Reconsideration (hereafter, "Pl.'s Cert.") ¶ 5) (citing N.J. Ct. R. 4:46-1.) According to Plaintiff, the Court should not have heard the motion for summary judgment because no trial date had yet been scheduled.

Motions for summary judgment in federal court are governed by Fed. R. Civ. P. 56, not the New Jersey Court Rules. Fed. R. Civ. P. 56(b) provides: "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." In this case, the deadline to file summary judgment motions was set by court order. Specifically, the Amended Scheduling Order dated January 28, 2014 provided that dispositive motions "shall be filed with the Clerk of the Court no later than March 3, 2014[.]" (Am. Scheduling Order [Doc. No. 96], Jan. 28, 2014.) The individual defendants filed

5

their motion for summary judgment on March 3, 2014, and it was therefore timely submitted in accordance with the Scheduling Order.[2]  The Court thus reject timeliness as a basis for reconsideration of the motion for summary judgment.

Plaintiff next contends that the Court erred in deciding the motion for summary judgment without oral argument.  (Pl.'s Cert. ¶ 6.)  Pursuant to Fed. R. Civ. P. 78(b), "[b]y rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."  The New Jersey Federal Practice Rules then provide that "[a]ll motions and other applications will be decided on the papers submitted unless: (1) a party requests oral argument and the request is granted by the Judge or Magistrate Judge; or (2) the Court, sua sponte, directs that oral argument be held."  L. Civ. R. 78.1(b).  Accordingly, the Court is not required to hold oral argument and has discretion in deciding whether to conduct a hearing on a pending motion.  The Court in this instance determined that oral argument was not necessary and decided the motions on the papers.  There was no error in the Court's failure to conduct oral argument.

---

[2] Defendant City of Pleasantville filed its motion for summary judgment on March 4, 2014, one day late.  Plaintiff never contested the belated nature of the filing and, as such, the Court deems any argument concerning the timeliness of the filing waived.

6

Plaintiff's third procedural challenge is that the Court purportedly previously denied summary judgment, and the case therefore should have proceeded to trial. (Pl.'s Cert. ¶ 7.) The Court did not previously decide a motion for summary judgment. In a March 27, 2014 Opinion and Order, the Court granted motions to dismiss filed by various defendants. A motion to dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(6), is a different procedural mechanism than a motion for summary judgment filed pursuant to Fed. R. Civ. P. 56.

Under Rule 12(b)(6), the Court asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted). For purposes of a motion to dismiss, the Court accepts the facts alleged in the complaint as true.

At the summary judgment stage, by contrast, the Court asks whether "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' . . . demonstrate the absence of a genuine

7

issue of material fact" and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citing Fed. R. Civ. P. 56). Once the moving party shows the absence of a genuine issue of material fact, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324, 106 S. Ct. 2548. A "party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading[s.]'" Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

Therefore, the motion to dismiss stage tests only whether Plaintiff could state a claim against the moving defendants, assuming that the facts averred in the complaint are true, whereas at the summary judgment stage Plaintiff must come forward with actual evidence in support of his claims. Here, after the Court decided the motions to dismiss, the remaining defendants were entitled to move, and did so move, for summary judgment on the basis that Plaintiff had not adduced sufficient evidence to support the allegations in the complaint. The Court did not err in deciding the summary judgment motions rather than directing the parties to proceed directly to trial.

 2. **Substantive Issues**

Plaintiff also raises several substantive issues concerning

8

the Court's December 29, 2014 Opinion.  Plaintiff first disputes the Court's consideration of testimony by his wife in deciding the summary judgment motion.  (Pl.'s Cert. ¶ 8.)  The Court previously found that the individual defendant officers did not illegally enter Plaintiff's home without a search warrant, because they reasonably believed before entering Plaintiff's house that Bard lived at the residence and that he was in the residence when the officers entered.  (Op. at 24.)  The officers' reasonable belief was formed by conversations with Plaintiff's wife, Angela.  (Id.)  Plaintiff takes issue with the fact that Angela was never deposed in this case, arguing that the Court should have allowed the deposition of Angela or denied summary judgment and proceeded to trial so that Angela could have been called as a witness.  (Pl.'s Cert. ¶ 8.)

It does not appear that any party sought to depose Angela in this action, and Plaintiff cites no authority for the proposition that the Court can command a party to obtain discovery that has not been requested by the litigants.[3]  As the

---

[3] The only case cited by Plaintiff on this point is United Rental Equip. Co., Inc. v. Aetna Life & Cas. Ins. Co., 74 N.J. 92, 376 A.2d 1183 (N.J. 1977).  Plaintiff's reliance on this case is misplaced.  First, United Rental is factually distinguishable because at the time summary judgment was granted in that case, discovery had not yet been completed and the plaintiff had requested leave to take the deposition of an expert.  Here, by contrast, there is no indication that Plaintiff requested leave to take Angela's deposition within the discovery period. Moreover, in United Rental the New Jersey Supreme Court

party who filed this action, it was Plaintiff's obligation to come forth with evidence in support of his claims. The Court did not err in failing to consider evidence which was never presented.

Furthermore, contrary to Plaintiff's contention, the Court did not accept Defendants' arguments "without any substantial proof or evidence." (Pl.'s Cert. ¶ 8.) Although Angela was not deposed in this civil action, she testified under oath in the underlying criminal matter about her conversation with the officers on the morning of May 18, 2010. Defendants provided the transcript of Angela's testimony in support of their summary judgment motion. As noted in the December 29, 2014 Opinion, Angela testified that on the morning of May 18, 2010, she called Plaintiff from her cell phone, heard Plaintiff knock on Bard's door and call Bard's name, heard Bard's response, and heard Plaintiff tell Bard to get up because the Marshals were coming to pick him up. (Op. at 3-4.) Angela verified for the officers that Bard was in the house. (Id. at 4.) The Court considered this evidence in deciding the illegal entry claim, and did not merely accept Defendants' arguments without any proof or evidence.

---

concluded that the trial court did not err in considering the expert's affidavit, even though the plaintiff had not had the opportunity to depose the expert.

Also in connection with the illegal entry claim, Plaintiff, citing Steagald v. United States, 451 U.S. 204, 101 S. Ct. 1642, 68 L. Ed. 2d 38 (1981), asserts that the defendant officers could not enter his residence to search for Bard unless they had a separate search warrant to do so or Plaintiff's consent. (Pl.'s Cert. ¶ 9.)  However, a search warrant is not necessary when the third party's residence is also the residence of the person the police seek to arrest.  See id. at 221, 101 S. Ct. 1642 ("an arrest warrant alone will suffice to enter a suspect's own residence to effect his arrest.").  As noted by the Third Circuit, to enter the home of a third person without a search warrant, "officers [must] have a reasonable belief that the arrestee (1) lived in the residence and (2) is within the residence at the time of entry."  Williams v. City of Philadelphia, 454 F. App'x 96, 98 (3d Cir. 2011).

Here, the evidence submitted in support of summary judgment demonstrated that the officers had a reasonable belief that Bard lived at Plaintiff's residence and was inside at the time the officers entered.  Prior to the arrest, one of the arresting officers, Detective Brown, had conducted several database inquiries and learned that four of the arrest warrants listed Bard's address as the same address as Plaintiff's residence, as did Bard's application for food stamp benefits.  (Decl. of Mark Rowe [Doc. No. 104-3] (hereafter, "Rowe Decl."), Ex. A.)

Detective Brown also contacted the United States Postal Service and confirmed that Bard was receiving mail at the same address. (Id.) Additionally, on the day that the officers entered Plaintiff's home, they had received confirmation from Angela that Bard was asleep inside the house. (Decl. of Elizabeth A. Pascal [Doc. No. 104-5] (hereafter, "Pascal Decl."), Ex. B at 16:21-17:4, Ex. C at 92:13-20.) This evidence gave the defendant officers a reasonable belief that Bard resided in the home and was in the home at the time the officers entered, and they therefore did not need a search warrant to enter.[4] The Court did not err in granting summary judgment on Plaintiff's illegal entry claim.

Plaintiff next asserts that the Court overlooked the testimony of Defendants' medical expert, who concluded that Plaintiff sustained injuries due to Defendants' use of force against Plaintiff. (Pl.'s Cert. ¶ 8.) The Court did not overlook this testimony and specifically noted in the Opinion that Plaintiff suffered an injury to his eye socket due to Defendants' use of force. (Op. at 32-33.) The Court concluded, however, that the injury was "the unintended consequence of the

---

[4] In addition to the officers' reasonable belief that Bard resided at the address, the Court was also presented with evidence that Bard in fact resided with Plaintiff. In the underlying criminal proceeding, Plaintiff testified that Bard lived in Plaintiff's home. (Pascal Decl., Ex. C at 15:18-22.)

force Rowe and the other officers found necessary to secure an uncooperative arrestee." (Id.)  As such, while force was used against Plaintiff, the amount of force was not excessive and therefore could not support a Fourth Amendment excessive force claim.  (Id. at 33-34.)  Plaintiff's disagreement with the Court's conclusion is not a basis for reconsideration.

Plaintiff also asks the Court to reconsider its analysis of the evidence relating to the excessive force claim.  The Court previously concluded that although Plaintiff was pushed to the ground in the course of the arrest because he ignored the officers' direction to lie belly down on the stairs, the actions of the officers were reasonable under the circumstances.  (Op. at 29-30.)  Plaintiff now argues that he could not have complied with the officers' directives because it was "physically impossible" for Plaintiff to lie on the stairs on his stomach and place his hands behind his back.  (Pl.'s Cert. ¶ 10.)  Plaintiff's argument focuses narrowly on one directive and fails to account for the entirety of the circumstances surrounding the arrest.  Throughout the course of the arrest, Plaintiff refused to comply with the officers' directives.

As noted in the December 29, 2014 Opinion, Plaintiff's behavior after the officers entered the house posed a potential and immediate threat to the safety of the officers.  It was not disputed that Plaintiff refused to allow the officers in his

13

home, did not show himself until given repeated instructions to do so and only after a dog was unleashed, did not place his hands above his head or at a later time behind him as instructed, and maintained an uncooperative, hostile attitude towards the officers.  (Op. at 32.)  It was also not disputed that the upper level of the residence was not secured at the time of the arrest.  (Id.)  Even if it was not physically possible for Plaintiff to lie belly down on the stairs, Plaintiff demonstrated no effort to even attempt to comply with the officers' directives.  The totality of the circumstances demonstrated that the officers did not use an unreasonable amount of force to secure an uncooperative arrestee.  The Court concludes that it did not err in granting summary judgment on the excessive force claim.

    Finally, Plaintiff challenges the Court's finding in connection with Plaintiff's false arrest claim that the officers had probable cause to arrest.  Plaintiff argues that there was no need to arrest him when the officers were on the property to arrest Bard.  (Pl.'s Cert. ¶ 11.)  The Court, on further review, agrees that its initial analysis of this issue was erroneous.  However, as explained below, this error was harmless and does not affect the outcome of the summary judgment motion.

    The Court previously concluded that because Plaintiff resisted arrest, the officers had probable cause to arrest

14

Plaintiff.  (Op. at 36.)  The Court also concluded that a finding that there was no probable cause to arrest Plaintiff would imply the invalidity of his conviction for resisting arrest, and that Plaintiff's claim is therefore barred under Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  (Id.)  However, other courts have noted that the offense of resisting arrest does not require that the arrest be "lawful."  See, e.g., Elliot v. Gloucester City, Civ. No. 12-7440, 2014 WL 3446496, at *4 (D.N.J. July 11, 2014); Platt v. Gonzalez, Civ. No. 09-6136, 2011 WL 2413264, at *3 (D.N.J. June 9, 2011).  As noted in Platt, N.J. Stat. Ann. § 2C:29-2(a)(1) -- the offense for which Plaintiff here was convicted -- was amended in 2000 to delete the word "lawful" before the word "arrest," and provides only that "a person is guilty of a disorderly persons offense if he purposely prevents or attempts to prevent a law enforcement officer from effecting an arrest." Platt, 2011 WL 2413264, at *3.  Because the lawfulness of the arrest is immaterial to a charge of resisting arrest, and is not an element of the underlying crime, a Section 1983 false arrest claim would not necessarily imply the invalidity of an underlying conviction for resisting arrest.  Elliot, 2014 WL 3446496, at *4.

    Notwithstanding the above, the Court nonetheless finds that the officers had probable cause to arrest Plaintiff.  Plaintiff

15

was charged not only with resisting arrest, but also with hindering apprehension pursuant to N.J.S.A. § 2C:29-3[5] and obstruction of justice pursuant to N.J.S.A. § 2C:29-1.[6]  These additional charges were based on Plaintiff's failure to open the door to his home when commanded by the police officers in an effort to prevent the arrest of Bard.  (Rowe Decl., Ex. D.)  Plaintiff was initially convicted of these charges, the municipal court judge having found that Plaintiff knew at the time the officers commanded Plaintiff to open the door that there was an arrest warrant for Bard and that Bard was in the house.  (Pascal Decl., Ex. C at 127:2-4.)

Although Plaintiff's convictions were reversed on appeal to the Superior Court, such disposition of the charges does not necessitate a conclusion that the police lacked probable cause to arrest.  The existence of probable cause is determined "upon the reasonable conclusion to be drawn from the facts known to

---

[5] Pursuant to N.J.S.A. § 2C:29-3(a)(1), a person is guilty of hindering apprehension "if, with purpose to hinder the detention, apprehension, investigation, prosecution, conviction or punishment of another . . . he . . . [h]arbors or conceals the other[.]"

[6] Pursuant to N.J.S.A. § 2C:29-1, a person is guilty of obstruction "if he purposely obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from lawfully performing an official function by means of flight, intimidation, force, violence, or physical interference or obstacle[.]"

the arresting officer at the time of the arrest." Devenpeck v. Alford, 543 U.S. 146, 152, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2006). "Probable cause to arrest requires more than mere suspicion . . . [but] it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." Orsatti v. N.J. State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). "Although the question of probable cause is usually one for the jury, where the facts objectively show the existence of probable cause, summary judgment is proper." Samoles v. Lacey Twp., Civ. No. 12-3066, 2014 WL 2602251, at *13 (D.N.J. June 11, 2014) (citations omitted).

Here, the undisputed facts demonstrate that the task force officers knocked on Plaintiff's door, Plaintiff opened the window overlooking the front of the house and asked the officers what they wanted, and the officers responded that they had a warrant for Bard and to open the front door. Plaintiff walked away from the window, informing the officers that they were not coming in the house. The officers continued to knock, directing the occupants to open the door or it would be forcibly opened. Plaintiff still refused to open the door, which at that point required the officers to use a battering ram to access the premises. Plaintiff and Bard were not downstairs when the officers entered and remained upstairs even after the officers entered. Given these facts, at the time Defendants arrested

17

Plaintiff, there was probable cause to support a charge of obstructing the administration of law and hindering the apprehension of Bard. Plaintiff's failure to provide access to his residence immediately and to comply quickly with orders to open the door, combined with knowledge that the officers were there to arrest Bard, would give a reasonable police officer the belief that Plaintiff intended to prevent the officers from performing their official function. The Court thus concludes that there was probable cause to arrest Plaintiff for obstruction and hindering apprehension, and that it was appropriate to grant summary judgment in favor of Defendants on the false arrest claim.

### III. CONCLUSION

For the reasons discussed above, the only valid basis for reconsideration asserted by Plaintiff concerns the false arrest claim. The Court finds, however, that the defendant officers had probable cause to arrest Plaintiff on May 18, 2010 for charges of obstruction and hindering. Because the outcome remains the same, the Court will deny Plaintiff's motion for reconsideration.

An Order consistent with this Opinion will be entered.

s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J.

Dated: July 9, 2015
At Camden, New Jersey